UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY V. SHINDELAR, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL E. HOROWITZ, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00866 (AHA) |

**Memorandum Opinion**

Timothy V. Shindelar, Gregory Stenstrom, Christine I. Heitman, and Robert C. Mancini, bring this pro se *qui tam* action against over 100 current and former federal officials, asserting claims under the False Claims Act and civil rights laws. For the reasons below, the court concludes the complaint fails to provide sufficient notice of the claims asserted and the plaintiffs, without counsel, cannot proceed as relators on behalf of the United States. The court accordingly dismisses and unseals the case.

**I.     Background**

The complaint alleges that the defendants "orchestrated and enforced policies within the DOJ and federal oversight bodies that systematically obstructed fraud investigations, manipulated enforcement actions, and weaponized government mechanisms against whistleblowers who sought to expose corruption." ECF No. 1 at 2, 13. The complaint asserts claims on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729–3733, and 42 U.S.C. §§ 1983, 1985, and 1986. *Id.* at 2. The United States has filed a motion to unseal the case, arguing that the complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. ECF No. 3.

**II.    Discussion**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The rule ensures that the defendants have "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that fails to adhere to these requirements either upon a motion or on its own accord. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules."); *Dali v. Walter Reed Nat'l Mil. Med. Ctr.*, No. 24-cv-3313, 2025 WL 326575, at *1 (D.D.C. Jan. 29, 2025) (observing that dismissals under Rule 8(a) "may be ordered on motion or *sua sponte* by the court").

The court acts with extra care in reviewing a pro se complaint, construing the allegations liberally and "in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). However, pro se litigants must still comply with the applicable rules. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987) (explaining that the leniency afforded pro se plaintiffs "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert").

The plaintiffs' allegations lack sufficient detail to provide the defendants with notice of the claims against them. For example, the complaint broadly alleges, with little to no supporting facts or context, that the defendants engaged in obstruction of fraud investigations, manipulation of enforcement actions, and retaliation against whistleblowers, including through acts of

misrepresentation, document falsification, obstruction of justice, and deprivation of due process. ECF No. 1 at 13. But the plaintiffs do not state what the fraud investigations and enforcement actions were, when or where the alleged misconduct occurred, or who committed it. *See id*. The complaint accordingly fails to provide the "short and plain statement" required by Rule 8. *See also Iqbal*, 556 U.S. at 678 (A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).[1]

In addition, it is well established that "relator claims under the False Claims Act cannot proceed pro se." *United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 384 (D.C. Cir. 2025), *cert. denied sub nom. Feliciano v. Landry*, 145 S. Ct. 2799 (2025). The False Claims Act authorizes a private person, as a relator, "to bring an action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted). While in federal courts, parties "may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, "a non-attorney 'cannot appear [pro se] and seek to represent others.'" *Feliciano*, 127 F.4th at 383 (alteration in original) (quoting *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953)). "Because a False Claims Act relator pursues the government's claims rather than the relator's own

---

[1] The plaintiffs' attachments to the complaint, including a 333-page appendix containing various letters, emails, whistleblower disclosures, and other documents, *see* ECF No. 1-3, do not cure the complaint's deficiencies. *See Nichols v. Vilsack*, No. 13-cv-01502, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015) (observing that even in pro se cases, "courts are not responsible for hunting through the record in search of material potentially helpful to a party's case," and "where undifferentiated documents are submitted along with a complaint that is itself lacking in detail, asking the Court to comb through the attachments to discern the substance of the plaintiff's claims . . . risks denying the defendant fair notice and an opportunity to respond to identifiable allegations of wrongdoing").

claims, this rule precludes relators from proceeding pro se." *Id.* Accordingly, the plaintiffs' relator claims under the False Claims Act cannot proceed.[2]

### III.     Conclusion

For these reasons, the court dismisses the complaint. Because the complaint has been sealed "for at least 60 days" and the court finds no cause to keep it under seal, 31 U.S.C. § 3730(b)(2)–(3), the court unseals the case. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   November 4, 2025

---

[2] For similar reasons, the court does not accept the complaint's assertion that it is filed on behalf of 750 "Jane and John Does." ECF No. 1 at 1, 5. While the plaintiffs may represent themselves in court, they may not represent others. *See also* Fed. R. Civ. P. 11(a) (providing that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented").

4